## Case No. 198.

### ALICE v. MORTE.

[2 Cranch, C. C. 485.]¹

Circuit Court, D. Columbia. May Term, 1824.

SLAVERY — LOST MANUMISSION — EQUITABLE RELIEF.

A slave who has been manumitted, and lost her deed of manumission, may have relief in equity.

In equity. The complainant, Alice, was a mulatto woman, who was claimed by the defendant Peter Morte, as his slave, and who was about to be carried away into the southern states, when she claimed her freedom, and complained to Mr. Hoffman, a justice of the peace, who, under a statute of Virginia, in force in the county of Alexandria, detained her, and committed her to the marshal for safe keeping, until her complaint could be heard by the court; the defendant, Morte, having refused to give security for her forthcoming to prosecute her claim at court. Having been brought before the court by habeas corpus, and having filed her petition to be permitted to sue in forma pauperis, Mr. Mason was assigned by the court as her counsel, who reported in favor of her claim in equity; whereupon she filed her bill in equity, in which she stated that she was formerly held as a slave in Maryland, by one Samuel Edelin, in whose family she continued till she was sixteen years of age, and where she was kindly treated. That Edelin was an unmarried man, and about five years ago gave her what she supposed was a deed of emancipation, and was suffered by him to go at large, as a free person, which she did for some time, in his immediate neighborhood, with his knowledge and approbation. That, with his knowledge, she then went and resided in Washington, D. C., where she continued unmolested until the year 1819. That she lost her paper which was given to her by Edelin, when she was discharged from his service, and which she is informed and believes was a full and sufficient deed of emancipation. That she was lately seized, thrown into jail, and sold to the defendant, Peter Morte, who was informed of her claim to freedom, and who is about to remove her to some part of the southern or western country. This bill was sworn to by the complainant. The defendants demurred "as to so much of the complainant's bill as seeks to charge them with a knowledge of her right to freedom, or as seeks to compel the defendants or either of them to make any discovery touching the same, or any of the matters relating thereto, in the bill suggested or alleged;" "and for cause of demurrer show, that they ought not to be compelled to discover any matters whereby they may impeach or accuse themselves of an offence or crime for which they may suffer corporal punishment, or be grievously fined."

THE COURT, at May term, 1824, after argument, overruled the demurrer, and ordered the defendants to answer on or before the first day of the next term. Not having done so, and the complainant having filed the deposition of John B. Edelin, fully confirming the facts stated in the bill, it was taken for confessed, and the court decreed that the complainant should be emancipated and set free, and that the defendant Edelin should make, execute, and deliver to her a proper and full deed of emancipation, duly prepared for record; and that the defendant Morte should be perpetually enjoined from exercising, or in any manner setting up, any claim to the complainant.